## JOHN B. GILLISPIE *v.* L. J. BRADFORD.

[Abstract Kentucky Law Reporter, Vol. 6—439.]

**Right of Defendant to Have Cause Dismissed.**

Where on an appeal of a cause this court decides that if the plaintiff in the action had any valid claim it is one he has derived from an assignee, and distinctly said such plaintiff had no right to set up by amended petition, and that because no process had been served on defendant he was not required to take any notice of it, it is error for the trial court on the return of the case to pronounce judgment, "That in obedience to the opinion and mandate and because the allegations of the plaintiff are admitted he recover of the defendant the land mentioned in the deed from the assignee in bankruptcy."

APPEAL FROM BRACKEN CHANCERY COURT.

December 6, 1884.

OPINION BY JUDGE LEWIS:

The record shows that upon return of the cause from this to the lower court upon motion of appellant the case was redocketed and submitted upon the mandate and opinion. And thereupon, it was adjudged "that in obedience to the opinion and mandate and because the allegations of the plaintiff are admitted he recover of the de-

fendant the land mentioned in the deed from the assignee in bankruptcy."

It was decided in the opinion rendered when the case was here on the first appeal (*Gillispie v. Bradford,* 11 Ky. Opin. 804), that if the plaintiff had any valid claim at all it was the one derived from the assignee. But it was distinctly said in the opinion that it was an independent cause of action inconsistent with and hostile to the original cause of action which the plaintiff had no right to set up by amended petition, and that without service of process the defendant was not required to notice it.

According to the opinion and mandate the defendant in the action when the case was called was entitled unconditionally to a judgment dismissing the action and for his costs. And as he did not waive that right there was nothing for the court to do but to render it, his motion to submit the cause on the opinion and mandate amounting to an assertion and claim of his legal rights as ascertained and determined by this court.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*C. H. Lee, for appellant.*